IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC WATKINS, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-09-1381-C
 )
CORRECTIONAL OFFICER )
DONNELLY, *et al.*, )
 )
      Defendants. )

## Report and Recommendation: Motions for Default Judgment Against Donald Reich

The Plaintiff has filed two motions for a default judgment. After the first motion, the Clerk declined to enter a default against Donald Reich and explained that he had not been properly served. Following the Clerk's determination, Mr. Watkins filed a second motion for a default judgment against all defendants. In the body of the second motion, Mr. Watkins argues that he is entitled to a default judgment against Mr. Reich, at least in his official capacity. The Clerk's determination was correct, and the Court should overrule Mr. Watkins' motion for a default judgment against Mr. Reich.

For service of an official capacity claim against a federal employee, the plaintiff must comply with Federal Rule of Civil Procedure 4(i)(2). This rule states:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).

Mr. Watkins states that because of the inability to locate Mr. Reich, service was effected on him "through the U.S. Attorneys, supra, at least in his official capacity." Doc. 49 at p. 4 No. 9. This argument is irreconcilable with Rule 4(i)(2). The rule states that for an official capacity claim, the plaintiff must serve both the United States Attorney and the federal employee. *See* Fed. R. Civ. P. 4(i)(1)(A). Mr. Watkins could not circumvent this requirement by treating the United States Attorney as Mr. Reich's *de facto* attorney. Indeed, even if the United States Attorney were to act as Mr. Reich's counsel, the service would have been invalid.[1]

Mr. Watkins' frustration is understandable because of his inability to locate Mr. Reich. But Rule 4 unambiguously requires service on Mr. Reich, as well as the United States Attorney. The Plaintiff cannot avoid the requirements in Rule 4 by treating the United States Attorney as Mr. Reich's counsel for purposes of service.

Mr. Watkins is advised of his right to object to this report and recommendation by March 31, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). If Mr. Watkins does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The absence of a timely objection would

---

[1] "An attorney accepting service on behalf of a defendant, like any other agent, must be specifically appointed for the purpose of accepting service in that case in order for service to be valid." 1 James Wm. Moore, *Moore's Federal Practice* § 4.93, at 4-133 (3d ed. 2010) (footnote omitted); *accord United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3d Cir. 1995) (Alito, J.) ("When the agent is the individual's attorney, numerous courts have held that the validity of service of process upon the attorney depends upon actual authority on the part of the attorney to receive process on behalf of the individual." (citations omitted)).

waive Mr. Watkins' right to review by the Tenth Circuit Court of Appeals. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

    This report and recommendation does not terminate the referral.

    Entered this 14th day of March, 2011.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge